Kelly, J.
(dissenting). I would deny leave to appeal in this case, leaving intact the Court of Appeals decision remanding for a new trial. The trial court abused its discretion in denying funds to the public defender for consultation with an expert in blood tests[1] to enable counsel to understand and meet the prosecution’s evidence. Moreover, the error was not harmless. The evidence supporting the conviction was not as strong as the majority characterizes it. Because blood test data testimony was central to the case, the trial court’s decision denied defendant a fundamentally fair trial. She is entitled to a new trial after appointment of an expert in blood tests.
The record shows that the public defender who tried the case had a limited understanding of the prosecution’s scientific evidence. He requested funds from the trial court to retain an expert witness to examine the data. The court denied the motion because the dna part of the data exculpated, rather than inculpated, defendant. Because counsel had limited knowledge of the science of dna analysis, he failed to argue specifically for an expert to analyze the serological data. Also, he was unable to articulate why the defense needed an expert to examine the data.
*446 The majority finds that the trial court decision was proper. It sets an impossible goal for defense counsel. If counsel fully understands the prosecution’s scientific evidence, there would be no need for an expert to explain it. If, as here, counsel is not expert in certain scientific matters, the majority seems to require counsel to petition for funds for an expert using an expert’s grasp of the subject matter.
Furthermore, the per curiam opinion characterizes the evidence of defendant’s guilt as being stronger than it was. All defendant’s statements to the police were not incriminating. Moreover, they were internally inconsistent. Defendant admitted having been in the bar several years before the slaying, but denied being there on the night in question. At trial, she admitted driving past the bar that night, but denied going in.
The prosecution’s assertion that a knife found at the scene belonged to her was controverted and denied by defendant. She admitted that the picture of the knife she was shown had an altered tip similar to an alteration she had made to one of her knives. But she denied the knife was hers because it could not fold up.
There were substantial problems with the recording equipment that the police used to take defendant’s statements. There were a large number of inaudible responses. This raises the question of what exactly defendant admitted. Her statements, questionable in the accuracy of their transcription, could not have supported a conviction beyond a reasonable doubt.
The per curiam opinion adopts the prosecutor’s statement that serological evidence narrowed the universe of suspects to more than two million people, *447 hence hardly incriminating defendant. However, that evidence did not go to the jury in that form. Rather, the jurors were told that only four percent of black women, women like defendant, match the blood sample found at the scene.
This blood was the only physical evidence placing defendant at the scene of the crime. Therefore, the denial of funds to retain an expert to advise the defense, given the closely drawn evidence of guilt, was not harmless beyond a reasonable doubt. It was an abuse of discretion. For those reasons, I would remand for a new trial.

 The blood tests in question include both dna and serological tests.